UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN COREY LAWRENCE, III,

    *Petitioner,*

v.

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

CRIM. CASE NO: 1:19-cr-20398
CIV. CASE NO.: 1:21-cv-11333
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(ECF No. 58)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 58) be **DENIED** and the civil case be **DISMISSED.**

**II.    REPORT**

    **A.    Introduction**

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to Count Two of the First Superseding Indictment which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) subject to an enhanced penalty pursuant to 18 U.S.C. § 3147(1). (ECF Nos. 44, 46.) On June 19, 2020, a judgment entered sentencing Petitioner to 80 months on Count 2 and 16 months under 18 U.S.C. § 3147 to be served consecutively to Count 2, to be followed by two years supervised release. (ECF No. 54, PageID.231-232.)

Petitioner's motion to vacate asserts a claim of ineffective assistance of counsel because counsel "failed to challenge several points given to defendant for his Criminal History and Offense base scoring." (ECF No. 58, PageID.250.) According to Petitioner, his sentencing guideline range should have been scored at 63-78 months rather than 92-115 months. (*Id.*) Specifically, Petitioner contends he should not have been given 2 points under U.S.S.G. § 4A1.1(b) for his prior criminal history and 2 points under U.S.S.G. § 3C1.2 for a fleeing and eluding charge which is still pending. (ECF No. 58, PageID.251.) The government has responded to the Petition (ECF No. 66), and the matter is ready for resolution.

### B. Law and Analysis

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be

2

brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights

3

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487-88 (6th Cir. 2018) (quoting *Missouri v. Frye*, 566 U.S. 134, 141-42 (2012) and citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

Here, Petitioner does not even allege that he would not have chosen to plead guilty and instead would have proceeded to trial but for counsel's advice. Therefore, he cannot show prejudice sufficient to state a claim for ineffective assistance of counsel.

Furthermore, Petitioner's motion does not allege an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid. Ordinarily, errors in the application of the sentencing guidelines are not cognizable under § 2255. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Lankford*, 229 F.3d 1154 (6th Cir. 2000) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief."); *United States v. Norfleet,* 202 F.3d 270 (6th Cir. 1999*)* ("Normally, Norfleet could not obtain collateral review of sentencing guidelines errors."); *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) ("Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal.").

Even if Petitioner could show prejudice, and even if his claims were cognizable, counsel was not ineffective. Counsel zealously pursued Petitioner's "six objections to his criminal history which counsel filed with probation." (ECF No. 66-1, PageID.294; ECF 68.) In addition, counsel placed objection as to Petitioner's criminal history on the record at sentencing. (ECF No. 66-1, PageID.295.) Neither counsel nor his investigator who was present with counsel at all meetings with Petitioner remember any objections being made by Petitioner regarding the 2 points scored for reckless endangerment based on fleeing and eluding under U.S.S.G. § 3C1.2. (ECF No. 66-1, PageID.296.) Petitioner does not

5

challenge the assessment based on any failure to link flight to a specific risk but rather argues only that he could not be assessed points for that conduct because the case was pending and he had not been convicted; however, a "district judge may enhance a defendant's sentence based on acquitted conduct[.]" *United States v. White*, 551 F.3d 381, 386 (6th Cir. 2008). Therefore, counsel could not have been ineffective for failing to raise an issue based on the pending status of the fleeing and eluding charges.

Accordingly, Petitioner's motion should be denied.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a [Section] 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

6

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

I recommend that the Court deny Petitioner's motion to vacate sentence. (ECF No. 58.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 13, 2021

s/ Patricia T. Morris
Patricia T. Morris
United States Magistrate Judge