UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 1:19-cr-20398

v.                                           Honorable Thomas L. Ludington
                                                  United States District Judge

MELVIN COREY LAWRENCE III,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Melvin Corey Lawrence III's Motion for Compassionate Release, ECF No. 76. As explained hereafter, his Motion will be denied for lack of exhaustion, for lack of an extraordinary and compelling reason for a sentence reduction, and because the § 3553(a) factors do not warrant a sentence reduction.

**I.**

In March 2020, Defendant pleaded guilty to two counts of being a felon in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3147(1). ECF No. 44. In June 2020, he was sentenced to 96 months' imprisonment and two years of supervised release. ECF No. 54 at PageID.231–32. Defendant later filed a motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 58, which this Court denied, ECF No. 75.

In May 2022, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)—his second post-conviction attempt to reduce his sentence to some extent. ECF No. 76. The Government opposes this Motion. ECF No. 78. It will be denied.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.

### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant asserts that he requested compassionate release from the BOP on March 2, 2022, which he alleges was denied on March 21, 2022. ECF No. 76 at PageID.516. But Defendant has not provided any evidence demonstrating that he actually requested or was denied compassionate release. *See generally* ECF No. 76. Consequently, Defendant's Motion will be denied due to lack of exhaustion. Yet, for purposes of completing the record on appeal, the merits of Defendant's Motion will also be discussed.

**B.**

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when §

3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling" as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances four reasons for compassionate release: (1) the death of the mother of his son Elijah, (2) the inability of the mother of his son Knowledge to care for him, (3) the need of both sons to live in a stable home with a loving father, and (4) his "exemplary" or "stellar" record while incarcerated. ECF No. 76 at PageID.520. Whether considered independently or together, those reasons are neither extraordinary nor compelling.

**i.**

The death of the mother of Defendant's child is not extraordinary or compelling because it was known at the time of sentencing. The Sixth Circuit has held that facts that existed at sentencing cannot later be construed as "extraordinary and compelling reasons" to reduce a final sentence. *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021).

Defendant states that he has been Elijah's primary caregiver for almost 15 years, and that Elijah has been living with relatives since his mother's 2013 death. ECF No. 76 at PageID.516–17. Both these facts were known at Defendant's 2020 sentencing, as Elijah's mother passed seven years earlier. This reason, therefore, cannot be construed an extraordinary or compelling reason for a sentence reduction. Even so, its merits will be discussed below.

ii.

Defendant's first reason for compassionate release is that Elijah has not had an able caregiver since his mother's death. ECF No. 76 at PageID.516–17. Although Elijah is living with relatives, Defendant claims they cannot properly care for Elijah and, thus, Defendant must. *Id.*

This is not a compelling reason. Elijah was living with Defendant since 2007, not his mother. *See* ECF No. 76 at PageID.516. Although Elijah's mother died in 2013, Defendant does not state that Elijah ever lived with his mother. *Id.* at PageID.516–17. So the death of Elijah's mother seemingly has no impact on his purported lack of a caregiver. Indeed, Elijah has been successfully living with "distant relatives" since Defendant's incarceration and is currently living with Defendant's brother. *Id.* at PageID.517. And Defendant has not offered any evidence demonstrating that Elijah's "distant relatives" or uncle cannot care for him. *See* ECF No. 76. As indicated, Defendant need not be released from incarceration for Elijah to have a caregiver, as numerous relatives fill that role.

iii.

Defendant also asserts that he must be released to care for his son Knowledge. ECF No. 76 at PageID.517. Defendant claims Knowledge's mother will not care for him because he is autistic. *Id.* The care of a child with special needs can be an extraordinary reason. According to the Center for Disease Control and Prevention (CDC), a 2018 study found that approximately two percent of children have Autism Spectrum Disorder. *See Data & Statistics on Autism Spectrum Disorder*, CDC, https://www.cdc.gov/ncbddd/autism/data.html [https://perma.cc/3BK8-GQWX].

Although Knowledge's autism might be extraordinary, it does not compel Defendant's release. Defendant has not provided any evidence of Knowledge's autism diagnosis, the inability or refusal of Knowledge's mother to care for him, or the lack of suitable caregivers—including,

for example, Defendant's brother or the numerous other family members who are caring for his son Elijah.

iv.

Defendant's next reason for compassionate release is that he wants to raise his sons in a stable, loving home. ECF No. 76 at PageID.520.

Although that is an admirable goal, it is neither extraordinary nor compelling. This reason is not extraordinary, as most parents want to provide a stable and loving home for their children. Defendant, however, did not. He carried weapons as a convicted felon and led the police on a high-speed pursuit. ECF No. 78 at PageID.524. Violating the terms of his supervised release and creating the circumstance that caused his children to grow up without a father belies his want to provide a nurturing environment for them. *See United States v. Murphy*, No. 19-CR-20604-2, 2022 WL 1837072, at *4 (E.D. Mich. June 3, 2022) (denying the defendant's motion for compassionate release because she created the circumstance that she cited for a sentence reduction).

v.

Defendant also cites his "exemplary" or "stellar" record as a reason for release. ECF No. 76 at PageID.520. Since entering custody, Defendant has participated in a drug-education program and is on the waiting list for several other rehabilitation programs. *Id.* at PageID.516–17.

But "[r]ehabilitation of [a] defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t).

vi.

Even if construed in tandem, Defendant reasons are neither extraordinary nor compelling. *Lemons*, 15 F.4th 747, 747 (6th Cir. 2021) ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a

sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary and compelling reason for sentence reduction.

## C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because not having exhausted the administrative process and the lack of an extraordinary and compelling reason for release are dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for—
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        . . . .
    (5) any pertinent policy statement—
        . . . .
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant addressed the § 3553 factors. *See* ECF No. 76 at PageID.518–19. He discussed (1) his "exemplary" or "stellar" behavior while incarcerated, (2) that he will obey the conditions of his release and not re-offend, and (3) an offer of employment from the Saginaw General Motors plant. *Id.* at PageID.518. He also mentions his need to protect his remaining children after the murder of one of his sons. *Id.* at PageID.519.

But this Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 75. This Court's "initial balancing of the § 3553(a) factors during [Defendant's]

sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *Sherwood*, 986 F.3d 951. Far from the requisite "compelling case," *id.*, Defendant has not demonstrated any flaw in this Court's analysis.

Defendant committed a dangerous crime, and his 96-month sentence was necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C). Along with the facts underlying his conviction, Defendant has a significant criminal history including felony convictions for assault with intent to do great bodily harm and illegal possession of a firearm in violation of the terms of his probation. PSR ¶¶ 13, 15, 36.

Defendant's remaining 46 months—approximately half of his original sentence—heavily weighs against release. The Sixth Circuit has repeatedly affirmed denials of compassionate release under § 3553(a) when the defendant has a long-remaining sentence, even recently. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020); *see United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (unpublished); *United States v. Austin*, 825 F. App'x 324, 326 (6th Cir. 2020) (unpublished); *see also United States v. Kincaid*, 805 F. App'x 394, 395–96 (6th Cir. 2020) (unpublished) ("[W]e don't think [the defendant] raises a close question."). Defendant's original sentence reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a)(2)(A). *Kincaid*, 802 F. App'x at 188; *accord Ruffin*, 978 F.3d at 1008.

The plain language of the compassionate-release statute makes the point more directly: Defendant's reasons for release must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, requiring him to justify the magnitude of his requested sentence reduction. *Id.* Thus, Defendant must show

that his reasons for release are so powerful that they "warrant" a four-year "reduction." *See id.*; *Ruffin*, 978 F.3d at 1008.

Defendant has attempted to demonstrate that a reduction is warranted by (1) his willingness to obey the conditions of his release, (2) his "stellar" record while incarcerated, and (3) his need to protect his sons from violence. ECF No.76 at PageID.518. Defendant's arguments are not persuasive. First, he has a history of violating the terms of his probation, *see* PSR ¶¶ 36, 40, 50, and the terms of his parole, *see* PSR ¶¶ 53, 54. Second, his proven disregard for law enforcement and public health and safety undermine the likelihood that he will maintain "stellar" behavior if released early as opposed to completing his sentence. *See* ECF No. 76 at PageID.524–25. Third, his desire to defend others from violence is belied by his history of violence towards his girlfriends and the mothers of his 11 children. *See* PSR ¶¶ 61, 64, 68, 77, 90.

A sentence reduction is not warranted at this time. Given the seriousness of his underlying offense, his criminal history, his violent tendencies, and the "need to afford adequate deterrence," *see* 18 U.S.C. § 3553(a), Defendant should continue to serve his remaining sentence.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

- 11 -

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 76, is **DENIED WITH PREJUDICE**.

Dated: June 30, 2022                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge